Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| PVE Development, Corp.<br><br>Peticionarios<br><br><br>v.<br><br><br>Autoridad De Edificios Públicos, Autoridad Para El Financiamiento De La Infraestructura<br><br>Recurridos | KLCE202400138 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Superior de San Juan<br><br><br>Caso Núm. SJ2020CV06077<br><br><br>Sobre:<br>Cobro de Dinero - Ordinario |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, y el Juez Marrero Guerrero

Pagán Ocasio, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de febrero de 2024.

### I.

El 2 de febrero de 2024, PVE Development Corp. (PVE o parte peticionaria) presentó una petición de *certiorari* en la que solicitó que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI) el 9 de enero de 2024, notificada y archivada en autos el 10 de enero de 2024.[2] Mediante el dictamen, el TPI permitió la enmienda de las alegaciones de la Autoridad de Edificios Públicos (AEP o parte recurrida) tras haberse concluido el descubrimiento de prueba.

Ese mismo día, la parte peticionaria radicó una *Moción en auxilio del Tribunal* en la que solicitó que ordenáramos la paralización de los procedimientos ante el TPI hasta que resolviéramos la controversia.

---

[1] Véase Orden Administrativa OAJP-2021-086.
[2] Apéndice de la petición de *Certiorari*, Anejo 1, págs. 1-2.

Como cuestión de umbral, debemos mencionar que la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B)(5), le confiere a este foro la facultad para prescindir de escritos, en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho. Dadas las particularidades de este caso, prescindimos de la comparecencia de la parte recurrida.

En adelante, pormenorizamos los hechos procesales relevantes a la petición de *Certiorari*.

**II.**

El caso de marras tuvo su génesis el 12 de noviembre de 2020 cuando PVE presentó una *Demanda* de cobro de dinero contra la Autoridad para el Financiamiento de la Infraestructura (AFI) y la AEP.[3] En la reclamación, la parte peticionaria solicitó al TPI que le ordenara a la AFI y a la AEP a pagar $482,864.44, más intereses y honorarios de abogado.

Después de varios trámites procesales, los cuales incluyeron la contestación a la *Demanda* y una transacción entre la parte peticionaria y la AFI, el 29 de septiembre de 2023, el TPI celebró la Conferencia con Antelación a Juicio. Concluida la misma, ese mismo día, el TPI emitió una *Minuta* en la que redujo a escrito varias órdenes dadas en corte abierta, a saber, determinó permitir la enmienda a las alegaciones de la AEP, aprobó el *Informe de conferencia con antelación a juicio* y señaló dos fechas para el juicio en su fondo.[4] Ahora bien, la *Minuta* no estuvo firmada por la jueza que presidió los procedimientos.

Inconforme con la determinación de permitir la enmienda de las alegaciones de la parte recurrida, el 30 de octubre de 2023, PVE

---

[3] Íd., Anejo 2, págs. 3-5.
[4] Entrada Núm. 85 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

radicó una petición de *certiorari* en la que solicitó que se revocara la orden. Al recurso se le asignó el alfanumérico KLCE202301199.

El 31 de octubre de 2023, emitimos una *Sentencia* en la que desestimamos el recurso por falta de jurisdicción. A nuestro juicio, no ostentábamos jurisdicción para revisar la determinación del TPI, toda vez que la *Minuta* en la que estaba contenida no tenía la firma de la Jueza que presidió la vista.

Continuados los procesos, el 9 de enero de 2024, el TPI emitió la *Resolución* recurrida en la que redujo a escrito la orden dada en corte abierta el 29 de septiembre de 2023 respecto a la enmienda de las alegaciones de la AEP.[5] En específico, consignó lo siguiente: "[s]e permitirá la enmienda a las alegaciones de la parte demandada, toda vez que hubo oportunidad de llevar a cabo descubrimiento de prueba, analizar planteamientos y las defensas de ambas partes".[6]

En desacuerdo, PVE presentó la petición de epígrafe y le imputó al TPI la comisión del siguiente error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL PERMITIR LAS ENMIENDAS A LAS ALEGACIONES DURANTE LA CONFERENCIA CON ANTELACIÓN AL JUICIO Y POSTERIOR A ÉSTA, AUN CUANDO LA DEMANDADA, AUTORIDAD DE EDIFICIOS PÚBLICOS (AEP) NUNCA ENMENDÓ SU CONTESTACIÓN A LA DEMANDA, NUNCA ALEGÓ EL INCUMPLIMIENTO DE CONTRATO Y LUEGO DE HABER ACEPTADO LA OBRA.

Ese mismo día, la parte peticionaria radicó una *Moción en auxilio del Tribunal* en la que solicitó que ordenáramos la paralización de los procedimientos. El juicio en su fondo esta pautado para el 22 y 23 de abril de 2024.

### III.

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Véase, además, ***IG***

---

[5] Íd., Anejo 1, págs. 1-2.
[6] Íd., pág. 2.

***Builders et al. v. BBVAPR***, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

La Regla 52.1 de las de Procedimiento Civil de 2009, según enmendada, 32 LPRA Ap. V, R. 52.1,[7] establece las instancias en las que el foro revisor posee autoridad para expedir un auto de *certiorari* sobre materia civil. ***Scotiabank v. ZAF Corporation, et als.***, 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de *certiorari* que trate sobre la revisión de dictámenes interlocutorios del Tribunal de Primera Instancia. ***Mun. de Caguas v. JRO Construction***, 201 DPR 703 (2019). Nuestro rol al atender recursos de *certiorari* descansa en la premisa de que es el foro de instancia quien está en mejor posición para resolver controversias interlocutorias, o de manejo del caso, y en la cautela que debemos ejercer para no interrumpir injustificadamente el curso corriente de los pleitos que se ventilan ante ese foro. ***Torres Martínez v. Torres Ghigliotty***, 175 DPR 83, 97 (2008).

---

[7] Esta Regla dispone que:

> [....]

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales. (Énfasis nuestro).

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra,* debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R. 40, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[8]

Reiteradamente, el Tribunal Supremo de Puerto Rico ha expresado que en su misión de hacer justicia la discreción "es el más poderoso instrumento reservado a los jueces". ***Rodríguez v. Pérez***, 161 DPR 637, 651 (2004); ***Banco Metropolitano v. Berríos***, 110 DPR 721, 725 (1981). La discreción se refiere a "la facultad que tiene [el tribunal] para resolver de una forma u otra, o de escoger entre varios cursos de acción". ***Citibank et al. v. ACBI et al.***, 200 DPR 724, 735 (2018); ***García López y otro v. E.L.A.***, 185 DPR 371 (2012). En ese sentido, ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una

---

[8] Esta Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. (Énfasis nuestro).

conclusión justiciera". Íd.; **Medina Nazario v. McNeil Healthcare LLC**, supra, pág. 729. Lo anterior "no significa poder actuar en una forma u otra, haciendo abstracción del resto del Derecho". **Hietel v. PRTC**, 182 DPR 451, 459 (2011); **Pueblo v. Rivera Santiago**, 176 DPR 559, 580 (2009); **Negrón v. Srio. de Justicia**, 154 DPR 79, 91 (2001); **Bco. Popular de P.R. v. Mun. de Aguadilla**, 144 DPR 651, 658 (1997). Ello, ciertamente, constituiría un abuso de discreción.

En ese sentido, el Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". **Citibank et al. v. ACBI et al.,** supra, pág. 735. Cónsono con ello, es norma reiterada que este tribunal no intervendrá "con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto". Íd., pág. 736. Véase, además, **Trans-Oceanic Life Ins. v. Oracle Corp.**, 184 DPR 689, 709 (2012); **Lluch v. España Service Sta.**, 117 DPR 729, 745 (1986).

**IV.**

Tras un análisis objetivo, sereno y cuidadoso de la petición de *certiorari*, a la luz de los criterios esbozados tanto en la Regla 52.1 de Procedimiento Civil, *supra*, como en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que debemos abstenernos de ejercer nuestra función revisora. A nuestro juicio, no atisbamos motivo o error alguno que amerite nuestra intervención. No intervendremos con el manejo del caso que ha establecido el TPI. La determinación del foro primario es esencialmente correcta en derecho.

**V.**

Por los fundamentos expuestos, se *deniega* la expedición del auto de *certiorari*. Así resuelto, la *Moción en auxilio del Tribunal* se torna académica y no requiere nuestra adjudicación.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones